SHERMAN H. NICKERSON and SARAH A. NICKERSON, Respondents, v. CANTON MARBLE COMPANY (LIMITED), Appellant, Impleaded with Others.

*Pleading — denial that a defendant is a corporation — a defense that an adequate remedy exists at law must be pleaded — proof of extrinsic facts required to remove a cloud on title.*

Where a complaint alleges that the defendant is a foreign corporation, and the answer denies this allegation, but contains no affirmative allegation that the defendant is not a corporation, it is not necessary for the plaintiff to prove on the trial of the action the defendant's incorporation.

The failure of the answer to present an issue as to the defendant's incorporation cannot be aided by any statements contained in the verification thereof.

A defendant in an equity action cannot avail himself of the defense that an adequate remedy at law exists in favor of the plaintiff unless he pleads that defense in his answer; and where the facts alleged in a complaint are sufficient to entitle the plaintiff to relief in some form of action, and no objection has been made by such defendant in his answer or on the trial (although such defense of an adequate remedy at law has been set up by one of the other parties defendant), it is too late to raise the point after judgment or upon appeal.

Where extrinsic evidence is necessary in order to establish the right of the plaintiffs in an action to declare a lease, which is an apparent cloud upon the plaintiffs' title, terminated, and the plaintiffs are in possession of the premises, they may properly resort to a court of equity.

APPEAL by the defendant, the Canton Marble Company, Limited, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of St. Lawrence on the 30th day of November, 1897, upon the decision of the court rendered after a trial before the court without a jury at the St. Lawrence Trial Term, adjudging that a certain mining lease be declared terminated and be surrendered and canceled as a cloud upon the plaintiffs' title.

*Charles L. Griffin*, for the appellant.

*John C. Keeler*, for the respondents.

MERWIN, J.:

On the 14th of May, 1892, Sherman H. Nickerson and Sarah A. Nickerson, his wife, the plaintiffs herein, executed to James W. Carpenter, Jr., and others, a lease of certain premises in the town of

Canton for the term of ninety-nine years, with the right to quarry marble thereon and appropriate the same to their own use, the lessees agreeing to pay a royalty of ten cents per ton, payable quarterly. The lessees agreed that, if at any time there should be a failure on their part to account for or pay over any sum due and payable within thirty days after it become due, and after demand for the payment, then the lease might be terminated, and at the option of the lessors be held to be null and void. On the 7th of January, 1893, the lessees assigned all their interest in the lease to the appellant, it being described in the assignment as a corporation organized under the laws of the State of Michigan. The royalty was afterwards by agreement increased to fifteen cents a ton.

The marble company entered upon the premises and commenced operations in the winter of 1893, or spring of 1894, and operated the quarry to about May 28, 1894, when it left the premises, and has done no quarrying thereon since. The plaintiff Sherman H. Nickerson testifies that since that time he has been in possession.

There was evidence on the part of the plaintiffs that the marble company had made default in the payment of the royalties. The company seems to have claimed that it had not taken the amount of marble that the plaintiffs claimed it had. The defendants, however, gave no evidence on the subject, and the trial court was justified in finding that in this respect there had been a failure by the marble company to perform the conditions of the lease. Evidently the company did not make a success in quarrying, and owed more than it had means to pay.

At the trial no evidence was given by the defendants, except an agreement between the marble company and S. H. Nickerson and David Shortsleeve, dated May 28, 1894, by which the company agreed that, if Nickerson and Shortsleeve would operate the quarry, they might have the use of the machinery there, and the net proceeds, after the payment of all expenses, were to be applied to the payment of debts due from the company to laborers. Nickerson and Shortsleeve entered upon the work and continued for about ninety days, when they abandoned the work. The expenses were more than the proceeds to the amount of several hundred dollars. The marble company did not perform its agreement as to the use of the machinery. There was a provision in the agreement that, if for

any reason Nickerson and Shortsleeve should abandon the work, then the instrument should be null and void.

In March, 1894, the marble company executed to the defendant, the Continental Trust Company, a mortgage upon all its rights under the instrument of May 14, 1892, in trust for the payment of certain coupon bonds of the marble company. It was alleged in the complaint that no bonds had ever been issued. This is denied in the answers of the marble company and of the trust company. There was no proof on the subject at the trial.

The trial court decided that the plaintiffs were entitled to have the lease of May 14, 1892, declared terminated and canceled, upon the ground that the marble company had failed to perform its conditions, and, under its provisions, have forfeited their rights thereunder; and that, by the terms thereof, the plaintiffs are entitled to have the same declared void, and that, so far as the lease and mortgage affect the title of the plaintiffs, they constituted such a cloud as the plaintiffs are entitled to have removed from their title.

The marble company appeals.

The appellant claims that its existence was not proved, and, therefore, that the judgment was erroneous. In the complaint it was alleged that the appellant was a foreign corporation. This was denied in its answer, but there was in the answer no affirmative allegation that it was not a corporation. It was, therefore, not necessary for the plaintiffs to prove upon the trial its existence. (Code Civ. Proc. § 1776.) The appellant claims that the answer is helped out by statements in the verification. Those statements, if in the answer, are not what the Code requires. Besides, we have not, I think, any right to go to the verification to ascertain what the issues are in the case.

The appellant claims that the plaintiffs had an adequate remedy at law, and, therefore, the action in equity was not proper. No such defense was set up by the appellant, nor was the point taken at the trial. The fact that some other defendant sets up such a defense does not help the appellant. "A defendant in an equity action cannot avail himself of the defense that an adequate remedy at law exists, unless he pleads that defense in his answer, and where the facts alleged are sufficient to entitle plaintiff to relief in some

form of action, and no objection has been made by defendant in his answer or on the trial, it is too late to raise the point after judgment or upon appeal." (*Lough* v. *Outerbridge,* 143 N. Y. 271.)

The plaintiffs were, we think, properly granted relief. Extrinsic evidence was necessary in order to show the right of plaintiffs to declare the termination of the lease. (*Remington Paper Co.* v. *O'Dougherty,* 81 N. Y. 482.) There was a cloud upon plaintiffs' title. The plaintiffs were in possession, as shown without objection, and so had a right to resort to equity. (1 Story Eq. Juris. [12th ed.] § 711a. See, also, *Allegany Oil Co.* v. *Bradford Oil Co.,* 21 Hun, 26; affd., 86 N. Y. 638.)

There was no waiver by plaintiffs of the default in the payment of royalties. The appellant claims that the agreement of May 28, 1894, was in effect a waiver that bound the plaintiffs. It does not, however, appear that at that date the royalties now claimed by the plaintiffs were due.

The case being in equity, the defendants had an opportunity to present any facts which would entitle them to equitable consideration. None were presented.

We find no good ground for reversing the judgment.

All concurred.

Judgment affirmed, with costs.