(44 Misc. Rep. 334.)

## THOMPSON v. STILES.

(Supreme Court, Trial Term, Saratoga County. July, 1904.)

1. ATTORNEY—WHAT CONSTITUTES—FILING CERTIFICATE.

    . Where plaintiff was admitted to the bar in 1893, but never filed the certificate required by Laws 1899, p. 406, c. 225, with the clerk of the court of appeals, or practiced law except for about a year after admission, he is not an attorney, within Code Civ. Proc. § 73, prohibiting an attorney from buying a chose in action with intent to sue thereon; and on purchase of a note for such purpose, he can recover in an action brought for him by another attorney.

Action by Ralph Thompson against Esmond Stiles. Verdict for defendant. Motion for a new trial. Granted.

C. B. Andrus, for plaintiff.

J. L. Henning, for defendant.

JOHN M. KELLOGG, J. The jury by its verdict has found that the plaintiff was an attorney and counselor at law, and that he bought the promissory note in suit with the intent and for the purpose of bringing an action thereon. The finding that the note was bought for the purpose of bringing an action upon it is fairly sustained by the evidence. The conclusion that the plaintiff was an attorney at law, within the meaning of section 73 of the Code of Civil Procedure, is not fairly sustained by the evidence, and therefore the verdict in favor of the defendant is set aside, and a new trial ordered, with costs to abide the event.

The plaintiff was duly admitted to the bar in the year 1893, and opened and maintained an office at Schenectady for about a year. Thereupon he discontinued his office, and has since spent his time in traveling, or in residing at his country residence, and has not practiced since, and does not intend to practice his profession any more. He did not file the certificate required by chapter 165, p. 309, of the Laws of 1898, as amended by chapter 225, p. 406, of the Laws of 1899, and when this claim was bought by him for the purpose of obtaining title to some property that he desired, he put it in the hands of another attorney, who brought this action thereon. Section 4, c. 225, p. 407, Laws 1899, makes it unlawful for a person to practice law, or hold himself out as an attorney, unless he has filed the certificate with the clerk of the Court of Appeals required by that statute. It thus seems that the plaintiff, by omitting to file the certificate, has put himself in a position where he could not either practice or hold himself out as a lawyer, and in fact no act is shown by which he has claimed to be an attorney and counselor since he closed his office in Schenectady. The statute prohibiting the buying of claims by an attorney is one penal in its nature, and should be strictly construed, and with a fair intent to carry out the purposes and objects of the statute, which are the prevention of oppression by unnecessary litigation, which would follow from the right of an attorney to purchase a claim for the sole purpose of enforcing it in the courts, and making costs thereon. Beers v. Washbond, 86 App. Div. 582, 83 N. Y. Supp. 993. In Stringham v. Stewart, 8 Civ. Proc. R. 420, 423, and Evans v. Harris, 47 N. Y. Super. Ct. 366, it was

held that the rule prohibiting an attorney from becoming a surety upon a bond was not violated by a person who had not practiced the profession for some years, and who was engaged in other business, entering into such bond, although he had been an attorney; in other words, he was not an attorney, within the meaning of the rule. And it seems to me that the plaintiff, at the time he bought this claim, was not an attorney and counselor at law within the meaning of section 73 of the Code of Civil Procedure, or within the objects which were fairly intended to be accomplished by that section.

It is claimed, however, that the jury disbelieved the plaintiff when he swore that he bought the claim as an investment, and as a means of securing the house and lot belonging to the defendant, and that his purpose was to do whatever was necessary to accomplish the acquiring of the title to the property, using the note as a means, and that when the jury found, as it must have found, that he bought it with the intent and purpose of suing it, it had a right to treat him as intentionally swearing false in that respect, and therefore to disregard entirely his evidence as to his intention to quit the practice of the law. I do not think the verdict of the jury is capable of that construction. The plaintiff's evidence shows that he took the note the day, or the next day after, it was bought to an attorney, and consulted with him as to the best means of obtaining the title to the property, using the note for that purpose; and immediately the attorney so consulted sent the note to the attorney who brought the action upon it. The jury were fully justified, if they believed all the plaintiff said, drawing from it such reasonable inferences as practical men might draw, in determining that he bought the note for the purpose, and with the intent, of bringing suit upon it. It was not necessary for them to disbelieve him, or to find that he had sworn false in that respect. The defendant owes this note. The plaintiff has done what any individual might do if he desired to force the defendants to sell the property, and as long as he was not a practicing attorney at the time, and was prohibited under the statute from practicing at the time, I hold that he was not an attorney and counselor, within the prohibition of the statute. The verdict is therefore set aside as against the evidence.

Verdict set aside.