William C. Hecht, Jr., J.
Defendant Neustein moves for dismissal of each cause of action for legal insufficiency. The complaint contains six causes of action. The fifth and sixth have been discontinued. Only the third and fourth causes are asserted against the moving defendant.
Plaintiff and defendant The LPN 1st Ave. Corp. are the landlord and tenant, respectively, The lease contains a provision *501 as follows: 1 ‘ Tenant covenants and agrees that at any time during the life of this agreement, landlord by One Hundred and Twenty (120) days notice to tenant, may cancel this lease, without any liability on its part for so doing in the event that * * *: (a) Said premises are sold or exchanged by landlord * * *. Landlord agrees not to sell the premises hereby demised or the leasehold interest therein * * * to any person, firm, partnership or corporation other than the tenant herein unless the landlord first receives a bonafide offer in writing from a third party in no way connected with landlord or landlord’s interests. In the event landlord receives such an offer, landlord hereby agrees to submit evidence of such offer to tenant and to offer to sell * * * the demised premises * * * to tenant at the same price * * * and terms and tenant shall have thirty (30) days after receipt of such offer from landlord to accept or decline same ”. The defendant Neustein did, in writing, guarantee the payment of “ rent, or any arrears thereof, or any other sum or sums, provided to be paid by the lpn 1st ave. cobp. under any of the terms of said attached lease, that may remain due unto kress, its successors or assigns, or that may become due, and any and all damages that may arise in consequence of the non-performance of any of the promises, covenants and agreements of said attached lease, without requiring any proceedings to be taken against the lpn 1st ave. cobp. for the collection of such amount or amounts, provided, however, that louis p. neustein shall be given notice of such default and shall be given fifteen (15) days after receipt of said notice within which to cure such default.”
A contract of sale dated September 2, 1959, was made with the defendant Fine. By letter of September 11, 1959, plaintiff did notify the defendants LPN and Neustein of the contract and enclosed a copy thereof. Neustein, as attorney for LPN, stated in his letter of October 14, 1959:, “ I have advised the tenant that a bona fide offer, within the terms of the lease, has not been received by you and that the copy of the paper mailed to the tenant is not evidence of such offer. I have also advised the tenant that until a bona fide offer is received by you and evidence of such offer is submitted, the tenant is under no obligation to exercise its option to accept the offer for the sale of the premises, nor until that time, may you terminate the lease pursuant to Paragraph 23. At such time as you do receive a bona fide offer and evidence thereof is submitted, the tenant shall have the right to accept or reject the same. I hereby notify you on behalf of the tenant that any attempt on your part to terminate the lease, based upon your letter of September 11, 1959 and the *502 enclosure, will be resisted by the tenant and that the prospective purchaser under that document should be so advised.” It appears that the defendant Fine declined to take title. In the third cause of action plaintiff seeks a declaratory judgment. The fourth cause of action is based upon article 15 of the Real Property Law.
Upon the face of the third cause of action, at least, the tenant’s letter has cast a cloud upon title and the tenant’s action has had the ostensible effect of destroying the landlord’s right to sell and thereupon to cancel the lease.
Whether the tenant’s activities may be embraced within the guarantee to pay damage for nonperformance must await trial and determination. Even if plaintiff does not secure the declaration it seeks, nevertheless, it is entitled to have the guarantor in the action so that the decree may be binding upon him. More specifically, there remains for trial and determination not only the question whether the alleged contract of sale is bona fide, but whether the tenant, in exercising its option to accept or reject the offer to purchase, acted in bad faith in respect to the affirmative action which it did take and whether thereby is involved nonperformance of the option agreement.
With respect to the fourth cause of action, however, the guarantor is in no way a party or a claimed party in interest. No cause of action to quiet title is asserted against him.
The motion is granted to the extent of dismissing the fourth cause of action, as to. him, and it is denied as to the third cause of action.