Mario Pittoni, J.
Motion to strike out the answer on the ground that it is frivolous and sham.
Defendant Atkins Wood Products Corp. is a junior lienor in this mortgage foreclosure action, against which no personal claim is made. Its answer denies knowledge or information sufficient to form a belief as to paragraphs 1, 3, 4, 5, 6, 7, 8, 9,10, 11 and 13 of the complaint and as to portions of paragraphs 2 and 12.
*141 Many of the allegations so denied are matters of public record. “ 6 A party cannot plead ignorance of a public record to which he has access, and which affords him all the means of information necessary to obtain positive knowledge of the facts ’ ”. (Rochkind v. Perlman, 123 App. Div. 808.) Such denials may be treated as sham or frivolous. (Dahlstrom v. Gemunder, 198 N. Y. 449.) However, paragraph 3 of the complaint alleges due execution and delivery of a note by the mortgagor to the plaintiff 11 whereby it bound itself to pay to plaintiff” a specified sum. These are not facts of which the defendant must have knowledge, nor are they presumptively within defendant’s knowledge. Therefore, it may deny in this form and put the plaintiff to its proof. (Kirschbaum v. Eschmann, 205 N. Y. 127.) Defendant by this denial challenges the validity of the mortgage, and plaintiff has not proved that it is sham.
Though the notice of motion does not specify the rule under which plaintiff moves, it requests an order “ striking out the answer served herein”; thus it apparently seeks the relief authorized under rule 104 of the Eules of Civil Practice. Such a motion must be denied if a single allegation survives the attack upon the whole. (Brazos v. Brumidge, 6 A D 2d 494.) However, the court, under the omnibus request for relief in the notice of motion, treats this as a corrective motion under rule 103 of the Eules of Civil Practice (see Savage v. Mathieson Alkali Works, 174 Misc. 1022, affd. 261 App. Div. 1053).
The denials of corporate existence in paragraphs 1 and 2 raise no issue; there is no affirmative allegation of nonexistence of the corporations (Rules Civ. Prac., rule 93; Nickerson v. Canton Marble Co., 35 App. Div. 111). They are therefore stricken. The denials of paragraphs 5, 6, 7, 8 and 12 are sham and frivolous for the above reasons, and are stricken.