Max Bloom, J.
Plaintiff is the owner of a first mortgage on premises located in Bronx County. He has brought this action to foreclose that mortgage. The only parties who have interposed an answer are the second mortgagees. Plaintiff now moves to strike their answer and for summary judgment.
Plaintiff is a member of the Bar of the States of Tennessee, Texas and Massachusetts. He purchased the mortgage now sought to be foreclosed from the Metropolitan Life Insurance Company after the fee owner had defaulted both on the first and second mortgages and during the pendency of a foreclosure suit brought by the junior mortgagees.
The answer consists of denials of knowledge or information sufficient to form a belief, and an affirmative defense charging that the assignment was taken for purpose of bringing suit thereon and was, therefore, champertous, illegal and void.
The denials of knowledge or information pose no serious obstacle to the granting of summary judgment. So far as these denials are concerned with matters material to the action, they involve facts which are a matter of public record. In such an event no issue is raised by a denial of knowledge or information sufficient to form a belief (Dahlstrom v. Gemunder, 198 N. Y. 449; Bischoff v. Isadore Holding Corp., 233 App. Div. 682; Rochkind v. Perlman, 123 App. Div. 808; Island Small Business Investment Corp. v. Primrose Homes Corp., 33 Misc 2d 140).
A more subtle question is presented by the charge of champerty. Section 488 of the Judiciary Law precludes the acquisition by an attorney of an interest in “ a bond, promissory note, bill of exchange, book debt, or other thing in action” for the purpose of bringing suit thereon (Broder v. Brasselle, 7 Misc 2d 13). Although the junior mortgagees have annexed to their papers a copy of a letter from plaintiff on a letterhead listing him as an “ Attorney at Law ” with a New York City address, they conceded upon the argument of this motion that he is not admitted to the Bar of this State.
We are thus brought to the issue crucial to this case. Section 488 imposes upon attorneys penal sanctions for the performance of certain acts. It does not, however, define the term attorney. We must, therefore, look elsewhere to determine whether the intent of the statute is to regulate the conduct of attorneys admitted to practice in this State, or whether the intent of the Legislature has wider scope and seeks to control the conduct in this State of members of the Bar of other States.
Section 488 is part of article 15 of the Judiciary Law which deals generally with the conduct of attorneys. Some of the sections contained therein are specific and refer to attorneys *3 licensed or admitted to practice law ‘ ‘ in the courts of record of this state ”. Other sections merely refer to attorneys and counselors. On the whole, however, it would seem clear that, whether the reference to attorneys is specific or generic, the purpose of the article is to regulate the conduct of attorneys admitted to practice in this State.
The only precedents bearing directly on the question here in issue which has been brought to court’s attention are Browne v. West (9 App. Div. 135) and Thompson v. Stiles (44 Misc. 334). Browne held that the common-law rule governing champerty and maintenance no longer obtained in this State. In Thompson, the plaintiff had been admitted to the Bar and, for a period of one year, had maintained an office for the practice of law in the City of Schenectady. However, he had never filed his certificate with the Court of Appeals, as was then required by law. Some time after he had given up his office he purchased a promissory note for the conceded purpose of bringing suit thereon. The defendant asserted that suit was barred by section 73 of the Code of Civil Procedure, one of the predecessor statutes of section 488. Upon the trial, defendant’s position was sustained, and a verdict was returned for him. Upon appeal, however, the verdict was set aside upon the ground that plaintiff was not an attorney since he had failed to file his certificate with the Court of Appeals — a prerequisite to the practice of law in this State.
Independent research has disclosed two cases (Sampliner v. Motion Picture Patents Co., 255 Fed. 242; Transbel Inv. Co. v. Roth, 36 F. Supp. 396) which seemingly hold to the contrary. Sampliner involved the assignment by an Ohio corporation to an Ohio attorney of a claim for treble damages under the Sherman Act, for the avowed purpose of suit. The court, following the more stringent common-law rule, held that the assignment was champertous and void. Since Sampliner did not deal with the interpretation of the statute here involved, it is, clearly, inapplicable.
Transbel Inv. Co. (supra) presents a closer situation. There, a Florida corporation which was owned and controlled by a Florida attorney, purchased a note for the purpose of bringing action thereon. The defendant interposed section 274 of the Penal Law, the immediate predecessor of section 488, as a defense. A motion to strike was denied upon the ground that section 274 of the Penal Law was bottomed upon a valid public interest. While conceding that the statute could not be given extraterritorial effect, and thus could not be the basis of a criminal charge, the court held that New York had the power *4 to enforce its own public policy by refusing to enforce a right recognized by the laws of Florida.
Thus, it appears that the authorities are in direct conflict Weighing them in the balance, it would appear that the holdings in the State courts have sounder support in reason. The Legislature, by enacting section 488, sought to regulate the conduct of those attorneys who were recognized by New York. The public policy announced by it governs those admitted to practice in this State. It should not be construed as an endeavor to regulate the conduct of those who cannot practice in our courts.
There is still another reason which warrants the grant of summary judgment. Even if we were to assume that plaintiff is subject to the provisions of section 488, the rule is clear that for the section to be applicable the acquisition of the claim must be for the sole and express purpose of bringing suit and for no other purpose (Moses v. McDivitt, 88 N. Y. 62; Sprung v. Jaffe, 3 N Y 2d 539). The language of Moses (supra, p. 65) is most emphatic and unambiguous. “ A mere intent to bring suit on a claim purchased does not constitute the offense; the purchase must be made for the very purpose of bringing such suit, and this implies an exclusion of any other purpose. As the law now stands, an attorney is not prohibited from discounting or purchasing bonds and mortgages and notes, or other choses in action, either for investment or for profit, or for the protection of other interests, and such purchase is not made illegal by the existence of the intent on his part at the time of purchase, which must always exist in the case of such purchases, to bring suit upon them if necessary for their collection. To constitute the offense the primary purpose of the purchase must be to enable him to bring a suit, and the intent to bring a suit must not be merely incidental and contingent.” (Italics supplied.)
Sprung (supra, p. 544) reiterates the rule in language equally broad. “ The statute does not embrace a case where some other purpose induced the purchase, and the intent to sue was merely incidental and contingent. ’ ’ Sprung, however, introduces a new element. There the plaintiff, an attorney, took an assignment of a claim which was asserted by an executor against the defendants. One of the defenses asserted was that, by taking the assignment, the attorney plaintiff had violated section 274 of the Penal Law. In denying plaintiff’s motion for summary judgment the Court of Appeals ruled that 1 ‘ the question of the intent and purpose of the purchaser or assignee is generally one of fact to be decided by the trier of the facts ” (p. 544).
Normally, therefore, an issue with respect to the intent of the purchaser would itself be sufficient to warrant denial of a *5 motion for summary judgment. However, the undisputed facts place this case outside the ambit of the normal. Here, the plaintiff asserts that he purchased the first mortgage for the purpose of working out an arrangement with the Housing and Development Administration to rehabilitate the building and to turn it over to the tenants through the medium of co-operative ownership. To accomplish this objective, it became necessary to clear title of all subordinate liens. Both plaintiff and defendants agree that they conferred for the purpose of discussing the acquisition of defendants’ interest by plaintiff. Apparently, the parties could not reach agreement and the proposed deal fell through. Thus, the defendants, by their own statements, negative the claim that plaintiff purchased the mortgage solely and exclusively for purposes of suit. Indeed, they make clear that some purpose other than legal action 1 ‘ induced the purchase, and the intent to sue was merely incidental and contingent ” (3 N Y 2d, p. 544). There is, therefore, no question of fact concerning the intent and purpose of the assignee. Accordingly, there is no question to be decided by the trier of the facts.
The motion for summary judgment is granted.