Scileppi, J.
This is an action to compel a determination of a claim to real property pursuant to article 15 of the Real Property Actions and Proceedings Law. There is no dispute as to the operative facts. Plaintiff is the owner in fee of a parcel of New York City land, improved by a building, known as 4 West 58th Street and defendant is in possession thereof pursuant to a long-term lease which, by the exercise of certain options, will not expire until 2052. In addition to his leasehold interest in the subject property, defendant is the fee owner of two adjoining parcels: 10-40 West 58th Street and 9-25 West 57th Street. These parcels are contiguous with the leased premises and defendant is in the process of constructing a 45-story office building on its fee property. As an incident to this construction, defendant filed plans with the New York City Buildings Department and secured a building permit. The controversy between the parties centers upon this building permit and its effect on plaintiff’s property rights.
The New York City Zoning Resolution sets certain limits on the quantum of floor space that a particular building may have. These limits, called floor area ratios, consist of the total floor area on a zoning lot divided by the lot area of that zoning lot (Zoning Resolution, § 12-10). The existing building on the leasehold property does not represent a complete utilization of the floor area ratio for that building and hence there is surplus air space which is apparently buildable. Since defendant’s fee property is contiguous to that which he leases, the municipal authorities, issuing the building permits, allowed defendant to incorporate the unused air space on the leased property in computing the maximum floor space for the building now being constructed on the fee property.
In this litigation, plaintiff has contended that the lease did not pass air space rights and that defendant’s construction *266 represents a diminution in the value of its reversionary interest; defendant has counterclaimed for a judgment sanctioning its construction. Both sides moved for summary judgment and Special Term, rejecting plaintiff’s arguments, adopted the position that, under the applicable zoning ordinance, defendant was the owner of one zoning lot consisting of that which he held in fee and that which he leased; as such, the construction project was authorized. Additionally, the court concluded that plaintiff’s damages, if any, were remote and speculative and that the construction was not violative of the lease. A judgment and order was entered granting defendant’s motion for summary judgment, denying plaintiff’s cross motion and declaring that defendant was authorized to use, in its construction, the unexpended and unused floor area ratio permissible and attributable to plaintiff’s property. On appeal, the Appellate Division reversed and granted summary judgment to the plaintiff on the basis of section 4.03 of the lease which reads as follows: ‘ ‘ Lessee may make such additions, alterations and changes to the Premises as will suit Lessee’s convenience and requirements of its business, and the business of any tenants to whom Lessee may lease portions of the Building, provided that such addition, change or alteration will not change the character of the Building and provided further that, no structural addition, alteration or change, the estimated cost of which is in excess of $25,000 will be made without prior approval of Lessor, which Lessor covenants shall not be unreasonably withheld.” Inasmuch as defendant was utilizing the unused part of the floor area ratio for the leased premises on its fee property, the construction was not an alteration within the meaning of section 4.03. On the contrary, the court viewed it as an elimination of a valuable property right not vested in defendant by the lease. We reverse and reinstate the order and judgment of Special Term.
Although we agree that section 4.03, limited as it is to alterations of the leased building, should not be deemed a source of power authorizing defendant’s utilization of unused air space in the construction of the office building on its property, we conclude that the court below has erroneously treated the section as dispositive of the litigation at bar.
The rather limited question presented in this appeal is whether defendant’s construction of the office building on his *267 fee property constitutes a wrong to plaintiff for which it may be given redress in this action. As previously stated, floor area ratios are computed on the basis of the size of a particular zoning lot. In section 12-10 of the Zoning Resolution a zoning lot is defined in the following manner: “ (a) A lot of record existing on the effective date of this resolution or any applicable subsequent amendment thereto, or (b) A tract of land, either unsubdivided or consisting of two or more contiguous lots of record, located within a single Mock, which on the effective date of this resolution or any applicable amendment thereto, was in single ownership, or (c) A tract of land, located within a single Mock, which at the time of filing for a building permit (or, if no building permit is required, at the time of filing for a certificate of occupancy), is designated by its owner or developer as a tract all of which is to be used, developed, or built upon as a unit under single ownership. A zoning lot therefore may or may not coincide with a lot as shown on the official tax maps of the City of New York, or on any recorded subdivision plat or deed.” Thus, where several contiguous lots are in single ownership, they may be lumped together and treated as a “ zoning lot ” for the purpose of the floor area ratio computation. Ownership is defined to include long-term leasehold interests: ‘ ‘ For the purposes of this definition, ownership of a zoning lot shall be deemed to include a lease of not less than 50 years duration, with an option to renew such lease so as to provide a total lease of not less than 75 years duration.” (Id.) Though defendant’s lease, executed in 1953, had a minimum term of 21 years with options to renew for additional periods until the year 2052, it would appear that in issuing the building permit, the municipal authorities found that the lease satisfied the requirements of section 12-10. Defendant was, therefore, the owner of contiguous lots under the Zoning Resolution and as such was entitled to full utilization of air space rights. Inasmuch as there is no provision in the lease which precludes defendant’s exercise of rights under the Zoning Resolution, it cannot be said that he has wronged plaintiff.
It is, of course, plaintiff’s argument that with the 45-story building on the defendant’s fee property, a valuable asset is destroyed since it loses the right to sell its air rights to owners *268 of parcels adjoining the other side of the leased property. But this overlooks the fact that, in view of defendant’s ownership of the adjoining building, his lease from plaintiff and the Zoning Resolution itself, plaintiff possesses no such right of sale. There is nothing in the ordinance which treats its reversionary interest as ownership for the purpose of floor area ratios or air space rights. In other words, whatever rights that plaintiff may otherwise have had were not lost by any act of the defendant, but rather as a result of the operation of the ordinance. Since defendant did not violate any of the provisions of the lease, plaintiff is not entitled to relief.
Accordingly, the order appealed from should be reversed, without costs, and the order and judgment of Special Term reinstated.