UNITED STATES of America, Plaintiff,

v.

BEDFORD ASSOCIATES, a partnership, Doris K. Carver and Samuel Ades, Individually and as partners of Bedford Associates, and Amcar Management Corp., Defendants.

The BOWERY SAVINGS BANK, Plaintiff,

v.

BEDFORD ASSOCIATES, a partnership, Doris K. Carver and Samuel Ades, Individually and as partners of Bedford Associates, and United States of America, Defendants.

Nos. 79 Civ. 1522, 79 Civ. 1482 (HFW).

United States District Court,
S. D. New York.

March 18, 1980.

Cadwalader, Wickersham & Taft, New York City, for the Bowery Sav. Bank, by Terence F. Gilheany, Stuart D. Root, Howard R. Hawkins, Jr., Vincent DiLorenzo, New York City, of counsel.

Robert B. Fiske, Jr., U. S. Atty., S. D. New York, New York City, for United

States of America, by William J. Brennan, Harvey J. Wolkoff, Asst. U. S. Attys., New York City, of counsel.

## OPINION

HENRY F. WERKER, District Judge.

The United States has moved to dismiss the Bowery's complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). The only issue raised by the motion is whether the Bowery's complaint falls within the ambit of 28 U.S.C. § 2409a. For the reasons that follow, the motion is denied.

Section 2409a provides in pertinent part: (a) The United States may be named as a party defendant in a civil action under this section to adjudicate a disputed title to real property in which the United States claims an interest, other than a security interest or water rights. . .

The Bowery's complaint alleges that the United States claims a leasehold interest in the premises in question, that no such leasehold interest in fact exists, and that even if it is found that such a leasehold interest does exist, the United States' interest is subject and subordinate to the Bowery's mortgage.[1] The first claim of Bowery's complaint seeks a declaratory judgment as to what interest, if any, the United States has in the premises and as to what effect foreclosure would have on that interest. The second claim seeks to foreclose Bowery's mortgage, and the third claim seeks an assignment of rents.

In moving to dismiss, the United States relies on the language in the statute which limits its coverage to actions "to adjudicate a disputed title," and argues that the Bowery's action cannot be one to adjudicate a "disputed title" since the title is not in dispute. The United States contends further that the Bowery's action "is on its face a garden variety, mortgagee-mortgagor action for foreclosure" which does not fall within the ambit of section 2409a.

Although the second claim of the complaint does indeed seek foreclosure, the Bowery's suit is certainly not a "garden variety" foreclosure action. The dispute concerning the existence and nature of the United States' alleged leasehold interest has created a very real cloud on the title of the property. For example, if it is found that the Bowery's mortgage is subordinate to the United States' alleged leasehold interest, the Bowery may not be entitled to possession of the property—or just compensation—even if it is successful in its efforts to foreclose. The Bowery's suit seeks a judgment quieting the cloud on the title to the property and an adjudication of the respective rights of the parties involved.

Under New York law, the Bowery's first claim would undoubtedly be considered to be in the nature of an action to quiet title or, as such actions are known in New York, an action to compel the determination of a claim to real property. N.Y.R.P.A.P.L. § 1501 et seq. (McKinney 1979). The legislative history of section 2409a indicates that state law should be looked to where a question is not covered by federal law. See Executive communication of the Attorney General, referred to in H.R.Rep. No. 92–1559, 92d Cong., 2d Sess., reprinted in [1972] U.S.Code Cong. & Admin.News, pp. 4547, 4555 ("The State law of real property would of course apply to decide all questions not covered by Federal law."). Accord, Kinscherff v. United States, 586 F.2d 159, 160 (10th Cir. 1978) ("It thus must be assumed that Congress intended to permit to be brought against the United States the typical quiet title suit, as it has developed in the various states in this country through statutory and case law."). Since the federal statute is silent as to the definition of an "action to quiet title," New York law is to be turned to for guidance.

The relevant New York statute is Article 15 of the Real Property Actions and Proceedings Law. Section 1501(1) thereof pro-

---

1. The facts are set forth in the second circuit's opinion and thus need not be repeated here.

*United States v. Bedford Associates,* 618 F.2d 904, (2d Cir. 1980).

vides that [w]here a person claims an estate or interest in real property . . . [he] may maintain an action against any other person . . . to compel the determination of any claim adverse to that of the plaintiff which the defendant makes . . . . ." N.Y.R.P.A.P.L. § 1501(1) (McKinney 1979). The Bowery, as the first mortgagee, certainly has an "interest" in the property in question. *See id.* § 1501(5). Moreover, the United States' claimed leasehold interest is certainly "adverse to that of the plaintiff." *See, e. g., Newport Associates, Inc. v. Solow,* 30 N.Y.2d 263, 283 N.E.2d 600, 332 N.Y.S.2d 617 (1972), *cert. denied,* 410 U.S. 931, 93 S.Ct. 1372, 35 L.Ed.2d 593 (1973) (Article 15 proceeding brought against holder of a leasehold interest). Hence, had the Bowery commenced this action in state court, it would have been governed by Article 15 as an action to compel the determination of a claim adverse to the Bowery's interest. The New York cases have also permitted a person with an interest in real property to bring an action to quiet title against a purported tenant or someone else in possession who claims a leasehold interest in the property. *See, e. g., Nickerson v. Canton, Marble Co.,* 35 App.Div. 111, 54 N.Y.S. 705 (3d Dep't 1898); *S. H. Kress & Co. v. Fine,* 25 Misc.2d 500, 202 N.Y.S.2d 368 (Sup.Ct.N.Y.Co.1960); *Law Center Inc. v. Trust Co. of North America,* 84 N.Y.S.2d 577 (Sup.Ct.N.Y.Co.1948).

Section 2409a is labelled "Real property quiet title actions." There can be no question that it is intended to provide citizens with a means by which to join the United States in actions to quiet title involving real property in which the United States claims an interest. *See* H.R.Rep. No. 92–1559, 92d Cong., 2d Sess., reprinted in [1972] U.S.Code Cong. & Admin.News, p. 4547. Subsection (b) of section 2409a provides that in the event an action brought under that section results in a final determination adverse to the United States, the United States may elect to remain in possession upon the payment of just compensation.

In the instant case, the United States claims an interest in the property in question. The Bowery's action is at least in part an action to quiet the cloud on that property. It is clear, then, that the Court has subject matter jurisdiction over this matter pursuant to section 2409a. Should this proceeding result in a final determination that the United States has no enforceable lease, and if such a determination is upheld on appeal, the United States will be required to choose between vacating the premises or remaining in possession and paying just compensation. 28 U.S.C. § 2409a(b).

The United States argues that even if the Court does have subject matter jurisdiction under section 2409a over the Bowery's first claim, the Court does not have subject matter jurisdiction over the Bowery's foreclosure claim against the owners of the property. I disagree.

Section 1346(f) of Title 28 of the United States Code vests the district courts with the exclusive original jurisdiction over actions brought under section 2409a. The Supreme Court has specifically cited section 1346 as an example of a situation where concerns of judicial economy and convenience coupled with the grant of exclusive jurisdiction warrant trying all claims in one district court proceeding, including claims against parties with respect to whom there is no independent basis for federal jurisdiction. *Aldinger v. Howard,* 427 U.S. 1, 18, 96 S.Ct. 2413, 2422, 49 L.Ed.2d 276 (1976). These concerns are particularly compelling in the instant case because of the fact the United States' suit against the owners of the building is pending in this Court. To require the Bowery to prosecute its foreclosure claim in state court when the owners and the United States are litigating their dispute in this Court would be extremely inefficient and wasteful. Since I am satisfied that Congress "has not expressly or by implication negated" the existence of jurisdiction in a situation such as this, I hold that pendent party jurisdiction can and should be exercised over the Bowery's claims against the owners of the property in question. *Aldinger v. Howard,* 427 U.S. at 18, 96 S.Ct. at 2413. *See Maltais v. United States,* 439 F.Supp. 540, 547 (N.D.N.Y.1977) (held, court has power to entertain claims

against pendent parties in an action brought against the United States under the Federal Tort Claims Act).

In accordance with the above, the motion to dismiss the Bowery's complaint is denied in all respects.

So ordered.