862 Second Ave. LLC v 2 Dag Hammarskjold Plaza Condominium (2020 NY Slip Op 03733)





862 Second Ave. LLC v 2 Dag Hammarskjold Plaza Condominium


2020 NY Slip Op 03733


Decided on July 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 2, 2020

Richter, J.P., Kapnick, Webber, Gesmer, Moulton, JJ.


11747N 655408/16

[*1] 862 Second Avenue LLC, Plaintiff-Respondent,
v
2 Dag Hammarskjold Plaza Condominium, Defendant-Appellant, Ali Baba's Terrace Inc., Defendant.


Moulinos & Associates LLC, New York (Peter Moulinos of counsel), for appellant.
Paul Hastings LLP, New York (Jodi Kleinick of counsel), and Cornicello, Tendler & Baumel-Cornicello, LLP, New York (Anthony Cornicello of counsel), for respondent.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered June 26, 2018, which granted plaintiff's motion for an award of past use and occupancy and use and occupancy pendente lite against defendant 2 Dag Hammarskjold Plaza Condominium (Dag), unanimously affirmed, without costs.
The court providently exercised its discretion in awarding plaintiff past and pendente lite use and occupancy, as provided for in Real Property Law § 220, since Dag remains in possession of the demised premises by its subtenant, defendant Ali Baba's Terrace Inc. (Ali Baba) (see Chock Full O'Nuts Corp. v NRP LLC I, 11 AD3d 385 [1st Dept 2004]; Getty Props. Corp. v Getty Petroleum Mktg. Inc., 106 AD3d 429, 430 [1st Dept 2013]). No landlord-tenant relationship was created by plaintiff's acceptance of rent from Ali Baba, as the subject lease expressly provided plaintiff with the right to a temporary assignment of the rent from Ali Baba as a remedy for Dag's default in the payment of rent, and the lease contains a no-waiver clause (see Jefpaul Garage Corp. v Presbyterian Hosp. in City of N.Y., 61 NY2d 442, 446 [1984]; Matter of Rasic v Roberts, 277 AD2d 120, 121 [1st Dept 2000].
The court also properly rejected Dag's argument that any award for use and occupancy cannot include rental amounts related to plaintiff's lease of its development rights, as well as Dag's unsupported claim that it obtained ownership of such rights upon termination of the lease.
We have considered Dag's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 2, 2020
CLERK