862 Second Ave. LLC v 2 DAG Hammarskjold Plaza Condominium (2022 NY Slip Op 03047)





862 Second Ave. LLC v 2 DAG Hammarskjold Plaza Condominium


2022 NY Slip Op 03047


Decided on May 05, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 05, 2022

Before: Gische, J.P., Kern, Oing, González, Scarpulla, JJ. 


Index No. 655408/16 Appeal No. 15888 Case No. 2021-02622 

[*1]862 Second Avenue LLC, Plaintiff-Respondent,
v
2 DAG Hammarskjold Plaza Condominium, Defendant-Appellant, Ali Baba's Terrace Inc., et al., Defendants.


Moulinos & Associates LLC, New York (Peter Moulinos of counsel), for appellant.
Paul Hastings LLP, New York (Zachary Zwillinger counsel), for respondents.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered June 21, 2021, as amended by an order, same court and Justice, entered July 26, 2021, which, to the extent appealed from as limited by the briefs, granted in part plaintiff's motion for partial summary judgment on its causes of action for a declaration that the development rights leased to defendant reverted to plaintiff upon the lease's termination, unanimously affirmed, with costs.
The motion court properly determined that as a result of the lease's termination, all rights to the premises, including the development rights, reverted to plaintiff. As we determined on an earlier appeal (862 Second Ave. LLC v 2 Dag Hammarskjold Plaza Condominium, 185 AD3d 421 [1st Dept 2020]), defendant's assertion that it obtained ownership of the development rights upon termination of the lease was "unsupported," and it is well settled that "[a]n appellate court's resolution of an issue on a prior appeal constitutes the law of the case and is binding on the Supreme Court, as well as on the appellate court" (Carmona v Mathisson, 92 AD3d 492, 492-493 [1st Dept 2012]).
Even if the law of the case doctrine did not apply to this Court's 2020 order, the motion court properly determined that plaintiff was the owner of the development rights. Defendant's reliance on the Court of Appeals case Newport Assoc. v Solow (30 NY2d 263 [1972]) is misplaced. In Solow, the Court of Appeals determined that the parties' lease did not preclude defendant's use of the air rights under the 1961 Zoning Resolution § 12-10, because "[i]nasmuch as there is no provision in the lease which precludes defendant's exercise of rights under the Zoning Resolution, it cannot be said that he has wronged plaintiff" (Newport Assoc. at 267). Here, however, the 1966 lease between the parties' predecessors-in-interest expressly reserved the development rights to plaintiff's predecessor, and the terms of that lease were expressly incorporated into the 1968 lease, under which defendant leased the development rights from plaintiff until the lease was terminated as a result of defendant's failure to pay rent and additional rent. On these facts, the motion court properly determined that defendant's interest in the development rights was extinguished when the lease terminated.
Contrary to defendant's contention, the doctrine of impossibility does not apply here (Kel Kim Corp. v Central Mkts., 70 NY2d 900, 902 [1987]), as defendant is not asking to be excused from its performance of obligations under the lease but rather to be deemed the owner of development rights derived from the terminated lease. As for the used development rights, plaintiff acknowledges that they will continue to be occupied by defendant's building until there is a change in circumstances, such as casualty or redevelopment, at which point, due to the termination of the lease, defendant will no longer have the unfettered right to access plaintiff's development rights. [*2]Defendant points to no authority that would prevent plaintiff from using the development rights allotted to its own property upon the occurrence of such an event.
Although defendant insists that the order is somehow vague or ambiguous because the court did not assign a specific date or timeline for reversion of the used development rights, we disagree (see e.g. Charalabidis v Elnagar, 188 AD3d 44, 49 [2d Dept 2020] ["a court owes litigants some explanation of its determinations and clarity of its directives, but has broad discretion in determining the level of detail that it provides"]). The order sufficiently resolves the question of who owns the development rights, and defendant failed to raise a factual issue warranting a trial (CPLR 3212). While reversion of the used development rights may not occur immediately, such circumstances do not affect plaintiff's ownership interest.
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 5, 2022