896 F.Supp. 292 (1995)
In the Matter of the Arbitration of Certain Controversies Between BIG R FOOD WAREHOUSES, Royal Farms, Inc., Petitioners,
v.
LOCAL 338 RWDSU, Respondent.
No. 93 CV 5259.
United States District Court, E.D. New York.
August 15, 1995.
*293 *294 Finkel Goldstein Berzow & Rosenbloom (Richard M. Howard, of counsel), New York City, for petitioners.
Friedman & Levine (Jennifer D. Weekley, of counsel), New York City, for respondent.

MEMORANDUM AND ORDER
NICKERSON, District Judge:
Petitioner brought this action seeking to vacate an arbitration award pursuant to 29 U.S.C. § 185 and 9 U.S.C. § 10. On September 2, 1994 the court granted summary judgment confirming and enforcing the award. By Memorandum and Order dated December 28, 1994 the court granted respondent's motion for costs and attorney's fees and referred the matter to Magistrate Judge A. Simon Chrein to hear and report on the issue of the appropriate amount.
In a Report and Recommendation dated July 28, 1995 the Magistrate Judge recommended that respondent be awarded $20,850.00 in attorney's fees and $451.80 in costs. Because petitioner timely filed objections, the court reviews de novo those portions of the Report and Recommendation to which objections were made. 28 U.S.C. § 636(b)(1)(B).
The court agrees with the reasoning of the Magistrate Judge and adopts the Report and Recommendation.
So ordered.

REPORT AND RECOMMENDATION
CHREIN, United States Magistrate Judge.
By order dated December 28, 1994 the above referenced matter was referred to the undersigned Magistrate Judge by the Honorable Eugene H. Nickerson for a report and recommendation. Respondent, Local 338 RWDSU, has been awarded costs and attorney's fees by the District Court. See Memorandum and Order of Honorable Eugene H. Nickerson, dated December 28, 1994. This matter has been referred to this Court solely for a determination as to the reasonableness of respondent's attorney's fees and costs.

BACKGROUND:
Petitioner, Big R Food Warehouses ("Big R"), sought to vacate an arbitration award in *295 favor of Local 338 RWDSU ("the Union") pursuant to 29 U.S.C. § 185 and 9 U.S.C. § 10. Petitioner claimed that the arbitrator based her decision on matters not entered into evidence. The petitioner, however, had agreed to be bound by the arbitrator's decision.
As there was no transcript of the arbitrator's hearing to support petitioner's allegation, Judge Nickerson granted summary judgment in favor of the respondent on September 2, 1994, confirming and enforcing the arbitration award. Respondent was consequently awarded attorney's fees and Judge Nickerson referred the matter to the undersigned to hear and report on the issue of the appropriate amount of costs and attorney's fees. A more in depth discussion of the circumstances surrounding the arbitration dispute can be found in Judge Nickerson's decision. See Memorandum and Order of Honorable Eugene H. Nickerson, dated December 28, 1994. Friedman & Levine billed a total of 191 hours concerning this matter and requested a sum of $31,135.00 for attorney's fees plus $451.80 for costs incurred. Petitioner objects to the amount of attorney's fees requested.

DISCUSSION:
Petitioner alleges that respondent's attorney's fees are not realistic, "are disproportionate to the value of the subject matter, [and that] ... the services could have been performed in a more efficient manner." See Affidavit in Opposition to Respondent's Request for Attorney's Fees, dated March 31, 1995 ("Opposition"). The petitioner argues that the respondent did not submit original time slips, that duplication of time by attorneys should not be compensated, and that the fees requested do not bear a proportionate relationship to the value of the proceeding at bar. Petitioner further questions the amount of time expended by Friedman & Levine attorneys on various stages of this litigation.

ORIGINAL TIME SLIPS:
Petitioner notes that Friedman & Levine has not submitted "original" time sheets in its computation of hours billed. It is not clear what petitioner means by "original", however I assume petitioner's contention is that the time slips submitted by respondent's counsel in support of the fee request were inadequate, and therefore not in accord with the mandate for contemporaneous time records in computing attorneys fees as set forth in New York Ass'n For Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1154 (2d Cir. 1983). Attorneys at Friedman & Levine keep time records by directly inputting their hours worked into a computer system. A printout of this information has been submitted to the Court. See Declaration of Jennifer D. Weekley, dated September 23, 1994 and Supplemental Declaration of Jennifer D. Weekley, dated February 28, 1995. Chronological computer printouts satisfy the contemporaneous time record requirements of New York Ass'n for Retarded Children, Inc. v. Carey. See Pastre v. Weber, 800 F.Supp. 1120, 1125 (S.D.N.Y.1991); Meriwether v. Coughlin, 727 F.Supp. 823, 826-27 (S.D.N.Y. 1989). Therefore petitioner's claim in this respect is meritless.
Petitioner also contends that Friedman & Levine's contemporaneous time records lack the detail necessary to determine the propriety of the requested attorney's fees. Contemporaneous time records should specify the date, hours expended and the nature of the work done by each attorney. Carey, 711 F.2d at 1148. This court had no problems in evaluating respondent's billing invoice as respondent's invoices were clearly labeled and dated. The invoices provided a clear description of the work performed, the time spent on the respective matter, the attorney who rendered services, and the date the services were performed. Indeed, petitioner's own affidavit challenging the amount of time spent by opposing counsel on each stage of this litigation is testament to the clarity of respondent's billing invoice.

DUPLICATION:
Secondly, petitioner states that respondent should not be reimbursed where on two separate occasions two attorneys for the respondent billed for court appearances even though only one attorney addressed the *296 court.[1] Petitioner cites Kipper v. Kipper, 151 A.D.2d 377, 542 N.Y.S.2d 617 (1st Dep't. 1989), as holding that duplication of time by attorneys is not compensable. Kipper however, held that the sending of two attorneys to a deposition was duplicative. Id. at 378, 542 N.Y.S.2d 617. In the instant case, Friedman & Levine sent two attorneys not to a simple deposition, but rather for attendance at oral argument. The attorney at Friedman & Levine most familiar with this litigation and who addressed the court at oral argument, Jennifer Weekley, Esq., was at the time in her second year as a labor lawyer. I find nothing wrong with Friedman & Levine sending a more experienced attorney to lend guidance to Ms. Weekley at oral argument. See Seigal v. Merrick, 619 F.2d 160, 164 (2d Cir.1980) (dicta showing reluctance in depriving a lawyer the aid of even one associate in court appearances). While duplicative hours are certainly not compensable, this is not an instance where staffing was unnecessary and resulted in duplicative charges. Compare United States v. Bedford Assoc., 548 F.Supp. 748, 752 (S.D.N.Y.1982) (finding that work done by fifteen full time associates, five summer associates and various legal assistants on a simple mortgage foreclosure was unnecessary and thus led to duplicative charges). Therefore, I would allow the hours billed by the respective attorneys who attended oral argument.

RATIO OF REQUESTED COMPENSATION TO AMOUNT IN DISPUTE:
Petitioner contends that respondent should not be compensated $30,000.00 for attorney's fees when the amount in dispute was only $11,000.00. Notwithstanding the fact that a correct "lodestar" figure should not be reduced because of a low damage award, Cowan v. Prudential Ins. Co. of America, 935 F.2d 522, 526 (2d Cir.1991), it is important to note that petitioner initiated this action over the disputed sum. To permit a reduction in attorney's fees because of the small sum at stake in the instant case would effectively create a disincentive for a respondent to fully litigate this action. Thus, I find this argument has no merit.

REASONABLE TIME EXPENDED BY FRIEDMAN & LEVINE:
The amount of an award of reasonable attorney's fees is often determined by using the lodestar approach set forth in Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). The lodestar approach calculates attorney's fees by multiplying the number of hours that the prevailing party's attorneys reasonably expended on the litigation by a reasonable hourly rate. Pastre v. Weber, 800 F.Supp. 1120, 1123 (S.D.N.Y.1991), citing Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). The lodestar amount can be augmented or truncated depending upon other factors such as the "the risk of the litigation, the complexity of the issues, and the skill of the attorneys." New York Ass'n For Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1140 (2d Cir.1983). See also Pennsylvania v. Delaware Valley Citizens' Counsel for Clean Air, 483 U.S. 711, 729-731, 107 S.Ct. 3078, 3088-90, 97 L.Ed.2d 585 (1987) (Lodestar amount may be reduced or enhanced by the circumstances of the particular litigation).
Petitioner does not challenge any of the hourly rates charged by the various attorneys of Friedman & Levine associated with this litigation. In any case, I find that for purposes of computing the lodestar figure, the hourly rates charged by Friedman & Levine ($140-$250 per hour)[2] are reasonable and comparable to that of other New York City law firms. See Ramos v. Patrician Equities Corp., No. 89 Civ. 5370 (TPG), 1993 WL 58428, at *29 (S.D.N.Y. March 3, 1993) (Attorney hourly billing rates between $150-$425 per hour are in line with other New York City firms. In addition the court held *297 that hourly billing rates between $98 and $280 are modest). In a particular case, the hourly rates charged by counsel may be reasonable, however the time devoted to the litigation may not be. Anschutz Petroleum Marketing Corp. v. E.W. Saybolt & Co., Inc., 112 F.R.D. 355 (S.D.N.Y.1986), citing Tedeschi, v. Smith Barney, Harris Upham & Co., Inc., 579 F.Supp. 657, 663-664 (S.D.N.Y. 1984), aff'd, 757 F.2d 465 (2d Cir.1985), cert. denied, 474 U.S. 850, 106 S.Ct. 147, 88 L.Ed.2d 122 (1985).
Petitioner's final argument hinges on the reasonableness of the time expended by Friedman & Levine on various aspects of the litigation. A court is allowed to reduce a request for attorney's fees to an amount it considers reasonable. Grant v. Grenadier Realty Corp., No. 84 Civ. 4433 (WK), 1986 WL 8223, at *3 (S.D.N.Y. March 17, 1986), aff'd, 810 F.2d 1160 (2d Cir.1986) (court only awarded defendant's counsel $1,000.00 instead of the requested $4,621.25 because the court felt the request was excessive), citing North American Foreign Trading Corp. v. Zale Corp., 83 F.R.D. 293 (S.D.N.Y.1979). Any assessment of fees against a non-prevailing party must be fair and reasonable depending upon the circumstances of this case. See Tedeschi, 579 F.Supp. 657 (the court awarded $10,000.00 in fees instead of the requested $49,235.75 in a case that did not go to trial, but involved numerous motions requiring time for research, preparation of briefs and court appearances). See also Browning v. Peyton, 123 F.R.D. 75, 79 (S.D.N.Y.1988); Mid-Hudson Legal Services v. G & U, Inc., 465 F.Supp. 261, 270-71 (S.D.N.Y.1978); Hensley v. Eckerhart, 461 U.S. 424, 434, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40 (1983) (counsel should make a good faith effort to exclude excessive, redundant or unnecessary hours from the fee request).
As a rule of fairness, when counsel fees are to be charged to the opposing party, services should be charged at the rate of the available person who can most cheaply qualify to complete the task: cost-conscious clients would expect such practices. Browning, 123 F.R.D. at 79.
In determining the number of reasonable hours expended on a particular case, the court should consider "its own familiarity with the case and its experience with the case generally as well as to the evidentiary submissions and arguments of the parties." Clarke v. Frank, 960 F.2d 1146, 1153 (2d Cir.1992), citing DiFilippo v. Morizio, 759 F.2d 231, 236 (2d Cir.1985). The court uses the time records submitted as a benchmark and should exclude any hours expended that are excessive, duplicative or inadequately documented. Watkins v. Fordice, 7 F.3d 453, 457 (5th Cir.1993), on remand, 852 F.Supp. 542 (S.D.Miss.1994), aff'd, 49 F.3d 728 (5th Cir.1995).
Supporting the notion that the fees requested are reasonable is that the Union in fact paid for the bills submitted by Friedman & Levine. However, this argument loses much of its persuasiveness when it is noted that respondent, in its counterclaim, requested attorney's fees at the outset of this litigation. Thus, the Union, in anticipation of an award of attorney's fees, may have been more willing to pay the bill as charged, instead of scrutinizing the hours spent on each task. After careful examination of the time charged for this action, I find that some of the hours billed by Friedman & Levine are excessive.
The attached Exhibit A is a list of each attorney's requested and allowed hours and the recommended awards.

Interrogatory Answers:
Petitioner claims that the 15.25[3] hours billed by respondent's counsel in answering six interrogatory responses is unreasonable. I recognize that time is needed to examine the questions and determine the proper responses, however 14.5 hours to answer six straightforward interrogatory questions seems unreasonable. Four of the six responses are virtually identical and state that the respondent will not respond because the question seeks irrelevant and immaterial information. See Defendant's Response to *298 Plaintiff's First Set of Interrogatories, annexed as Exhibit A to "Opposition". Therefore, 7.5 hours is deducted from Jennifer Weekley's requested hours and respondent should only be allowed 7 hours for answering the interrogatory questions.

Default Motion:
Petitioner claims that since the default judgment was not successful, the respondent should not be compensated for a "futile" effort. However, at a February 1, 1994 conference before the undersigned Magistrate Judge the default judgment was discussed and there was no suggestion that the motion was frivolous. See Calendar of February 1, 1994 conference before A. Simon Chrein, United States Magistrate Judge. Petitioner claims that respondent should not be reimbursed for the effort put into this motion. I do not agree with petitioner's claim that the respondent should not be reimbursed for the effort expended on this motion for default. Respondent, having been subjected to this lawsuit should not be penalized for undertaking a reasonable legal recourse. See Seigal, 619 F.2d at 164 (holding that time expended on "unfruitful" legal theories is compensable as long as the theories are not frivolous).
The hours billed in preparation of this default motion, however, must be within reasonable parameters. Respondent's attorneys billed a total of 31.25 hours for moving and arguing the default motion. Jennifer Weekley, billed approximately 22.25 hours for the preparation and drafting of a default motion concerning petitioner's failure to timely reply to respondent's counterclaims. Approximately 3 hours were spent by a number of respondent's attorneys appearing at conferences and conducting meetings. Two attorneys billed 6 hours for appearances at the oral argument concerning the default motion. As previously indicated, these hours should be allowed.
The research required and the documents submitted to this court do not support an award of 22.5 hours. Respondents filed a one-page notice of motion, three page memorandum of law in support of defendant's motion for default with four cases cited, a four page declaration by Jennifer Weekley, Esq. reciting the relevant facts, and a five and one half page reply memorandum filed in opposition to plaintiff's motion to vacate the default judgment. After careful review of these submissions, I note that this issue was relatively simple and can not justify the expenditure of 22.5 hours for this default motion. Accordingly, 10 hours should be disallowed from the time expended by Jennifer Weekley, Esq. In recommending this deduction I have recognized the possibility that the four cases cited may have been distilled from substantial research.

Answer:
The petitioner argues that the respondent's billing of 4.5 hours for the preparation of the answer in this case is also unreasonable. I find, however, that the time spent preparing the answer was a reasonable expenditure and the time should be awarded.

Letter to the Court:
Counsel for respondent billed 6.25 hours for writing and preparing a letter to this Court in opposition to petitioner's letter requesting a response to petitioner's interrogatories. See Letter to Magistrate Judge A. Simon Chrein dated May 24, 1994. Petitioner contends that "respondent's counsel should not be compensated for a futile, wholly unnecessary and wasteful effort," since respondent was forced to answer the interrogatories. See Opposition, p. 3. Unsuccessful legal efforts are compensable as long as they are not frivolous. Seigal, 619 F.2d at 164. Although not successful, respondent's letter consisted of two and one-half pages of single spaced, well reasoned, and well researched argument. The hours spent on drafting this letter are within reason, thus, respondent should be awarded 6.25 hours for preparing the letter to this court dated March 24, 1994.

Removal Petition:
Petitioner's counsel billed 8.25 hours for the researching, drafting and reviewing of a removal petition. Petitioner claims that the removal petition was unnecessary because had respondent asked, petitioner would have acquiesced to the removal petition. I find no merit to this claim, and indeed feel *299 that there is nothing in the record that would have lead respondent's counsel to such a belief.
Respondent, however, has given this court no justification as to why a standard removal petition should necessitate the expenditure of 8.25 hours. The notice of removal was four pages long and set forth the relevant facts and applicable code sections which could not necessitate extensive research. I find that spending 8.25 hours on this petition is an excessive expenditure of time and would disallow 3 hours billed by Jennifer Weekley, Esq.

Summary Judgment Motion:
Respondent billed 31.5 hours for the researching, drafting and reviewing of a fourteen page summary judgment motion. Although the brief was well written and researched, I find this amount excessive given that the issue involved was not complex or novel and accordingly would reduce this claim by 5 hours, allowing a total of 26.5 hours for the summary judgment motion. These hours will be deducted from the time spent by Jennifer Weekley, Esq. I find that the combined total of 4.5 hours spent by Bruce Levine, Eugene S. Friedman, and Elizabeth O'Leary on consultation, revision and preparation of the brief should be awarded.

Reply to Summary Judgment Motion:
Respondent billed 47.75 hours for drafting, researching and reviewing an eleven page reply brief to petitioner's opposition for summary judgment. After careful review of the respondent's time sheets it appears that Jennifer Weekley, Esq., billed approximately 26.5 hours to research and draft the reply, as well as confer with other attorneys on the brief. In addition William Anspach billed 19.75 hours researching and drafting the reply brief. I have considered the hours billed by William Anspach, a first year associate, and recognize that a certain latitude should be allowed in consideration of the fact that a first year associate requires a greater expenditure of time than a more experienced attorney. Nonetheless having reviewed the reply brief it appears that the work by the two attorneys in this matter was excessive and duplicative, and accordingly would reduce the amount billed by 32.75 hours. I have deducted 13.75 hours from the 19.75 hours billed by William Anspach and deducted 19 hours from the 26.5 hours billed by Jennifer Weekley, Esq. I would award 1.50 hours billed by B.S. Levine, Esq., for review of the reply brief and conferences with the other attorneys working on the brief, thus, an award of 15 hours for the reply brief should be allowed.

Preparation of Attorney's Fees:
Respondent billed 20 hours[4] for the preparation of attorney's fees, which includes a five page supporting brief, a three page reply brief, preparation of the fee application, and oral argument before Judge Nickerson. While work done in preparation of attorney's fees is compensable, such fees must be reasonable. See Mid Hudson Legal Serv., 465 F.Supp. at 273 (allowing over 200 hundred hours in preparing attorney's fees because of the "novelty, complexity and importance of the underlying issues"); Browning, 123 F.R.D. at 78-79 (holding that "services reasonably required to prepare a motion for an award of attorney's fees ... may properly be claimed as a compensable service"). In the instant case, the issue involved was not complex, nor did it require extensive or exhaustive research. The submissions illustrate that the attorneys recited the facts which have already been cited in previous court documents, reiterated the attorneys' personal background, and most importantly, did not state why the time spent was reasonable. See Peterson v. Foote, No. 83 Cv. 153, 1995 WL 118173, at *2 (N.D.N.Y. March 13, 1995) (burden of proving entitlement to attorney's fees is on the party seeking the award). Accordingly, I would award 12 hours for the preparation of attorney's fees and deduct 7.5 hours from the time Jennifer Weekley, Esq. billed on this matter.

COSTS:
In his September 2, 1994 order Judge Nickerson granted costs incurred in this litigation to the respondent. These costs include a $120.00 filing fee, $276.80 for LEXIS, *300 and $55.00 for service of process. These costs are reasonable, thus, the petitioner should pay a total of $451.80 to the respondent for costs incurred. The attached Exhibit B is a list of the costs requested by the respondent and the recommended awards.

CONCLUSION
For the reasons set forth above it is the respectful recommendation of the undersigned that the respondent be awarded $20,850.00 in attorney's fees and $451.80 in costs. Any objections to the recommendations contained herein must be filed with the Honorable Eugene H. Nickerson on or before August 11, 1995. 28 U.S.C. § 636; Fed. R.Civ.P. 6, 72. Failure to object will preclude appellate review.
July 28, 1995.

 EXHIBIT A  ATTORNEY'S FEES
$/HR. # HRS. # HRS.
AWARDED REQUESTED $ REQUESTED AWARDED $
Weekley
$160 149.00 $23,840.00 96.75[5] $15,480.00
Anspach
$140 19.75 $ 2,765.00 6.00 $ 840.00
Levine
$225/185[6] 15.25 $ 3,131.25 15.25 $ 3,131.25
Friedman
$250 2.00 $ 500.00 2.00 $ 500.00
Levy-Warren
$225 1.50 $ 337.50 1.50 $ 337.50
O'Leary
$ 70 .75 $ 52.50 .75 $ 52.50
Wolfe
$185 2.75 $ 508.75 2.75 $ 508.75
TOTALS 191.00 $31,135.00 125.00 $20,850.00
 EXHIBIT B  COSTS INCURRED
 AMOUNT AMOUNT
 COSTS REQUESTED AWARDED
 Filing Fee $120.00 $120.00
 Service of Process $ 55.00 $ 55.00
 LEXIS $276.50 $276.50
 TOTALS $451.80 $451.80

NOTES
[1] The total amount of alleged duplication in these instances was at most 4 hours and 15 minutes. Both Bruce Levine, Esq. and Jennifer Weekley, Esq. billed 3 hours for oral argument on February 11, 1994 and both William Wolf, Esq. and Jennifer Weekley billed 1 hour and 15 minutes for oral argument on September 19, 1994.
[2] These rates do not include those charged by Elizabeth O'Leary, a law student who clerked at Friedman & Levine and billed at $70.00/hour.
[3] A review of respondent's submissions illustrates that in fact respondent billed a total of 14.5 hours for interrogatory responses, as opposed to the 15.25 hours cited by the petitioner.
[4] A review of the time sheets illustrates that in fact respondent's counsel spent 19.5 hours on preparing submissions on attorney's fees and for the time arguing this issue before Judge Nickerson.
[5] In addition to the deductions cited supra .25 hours were deducted for a consultation between Jennifer Weekley and Bruce Levine on April 29, 1994 in which Weekley billed for .5 hours and Levine billed for .25 hours.
[6] Billed at the rate of $225.00/hr. after 7/94 (total 7.75 hrs.) and 185/hr. before (total 7.5 hrs.).