**Bessie M. BERRY, Plaintiff,**

v.

**NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, et al., Defendants.**

**No. 93–CV–6015L.**

United States District Court,
Western District of New York.

Dec. 6, 1996.

Matthew D. Clayton, Clayton and Associates, Philadelphia, PA, for plaintiff.

Elizabeth J. McDonald, Office of New York State Attorney General, Rochester, NY, for defendants.

### DECISION AND ORDER

LARIMER, Chief Judge.

Plaintiff, Bessie M. Berry, commenced this action on June 9, 1992, alleging employment discrimination, pursuant to Title VII, 42 U.S.C. § 2000e–2 *et seq.*, violations of her civil rights, pursuant to 42 U.S.C. §§ 1981, 1983, and 1985, violations of the civil RICO act, pursuant to 18 U.S.C. § 1961 *et seq.*, and several pendant state common law claims.

In May 1995, the parties entered into a stipulation, which subsequently was ordered by this Court, settling and dismissing all claims in the case, except plaintiff's request for reasonable attorney's fees and costs. The parties were unable to reach an agreement on this issue, and plaintiff now moves for an award of attorney's fees and costs, pursuant to 42 U.S.C. § 1988.

### BACKGROUND

Plaintiff requests a total award of $166,-867.00 in attorney's fees and costs. The fee request is allocated between four attorneys and a paralegal: Matthew Clayton, Esq. (≈535.9 hours at $250 per hour for a total of $133,976.30); Valerie Braithwaite, Esq. (7 hours at $200 per hour for a total of $1,400); Margaret Anderson, Esq. (28.2 hours at $185 per hour for a total of $5,217); Julia Taylor, Esq. (163.59 hours at $120 per hour for a total of $19,630.80); and Iris Cobb, paralegal (64 hours at $50 per hour for a total of

$3,200). The cost request of $3,442.90 is for travel, lodging, postage, photocopies, facsimile transmissions, long-distance telephone calls, and Westlaw research.

Defendants do not dispute that plaintiff is the prevailing party in this action and, therefore, entitled to an award of attorney's fees and costs. Defendants, however, strongly contest the amounts requested and claim that they are both excessive and unreasonable. Defendants challenge the total number of hours submitted by plaintiff's counsel, as well as the hourly rates charged.

### DISCUSSION

Under 42 U.S.C. § 1988, the Court, in its discretion, may allow a prevailing party to recover reasonable attorney's fees. The Second Circuit has adopted the "lodestar" method for determining the proper amount of such an award. *See Chambless v. Masters, Mates & Pilots Pension Plan,* 885 F.2d 1053, 1058 (2d Cir.1989), *cert. denied,* 496 U.S. 905, 110 S.Ct. 2587, 110 L.Ed.2d 268 (1990). Under this method, the Court multiplies the number of hours reasonably expended by a reasonable hourly rate. *Id.* at 1058. The burden is on the plaintiff to establish the reasonableness of both the number of hours worked and the rate charged. *See Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983); *Cefali v. Buffalo Brass Co.,* 748 F.Supp. 1011, 1018 (W.D.N.Y.1990).

The initial fee calculation should exclude hours that were not "reasonably expended," *i.e.,* "hours that are excessive, redundant, or otherwise unnecessary." *Hensley,* 461 U.S. at 434, 103 S.Ct. at 1939–40. Further, a reasonable rate is generally one that is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson,* 465 U.S. 886, 895 n. 11, 104 S.Ct. 1541, 1547 n. 11, 79 L.Ed.2d 891 (1984).

After careful review of the parties' submissions,[1] this Court concludes that both compo-

---

**1.** By letter order of this Court, dated June 20, 1996, defendants' Affirmation and Memorandum of Law, submitted in opposition to plaintiff's motion for attorney's fees, were rejected because

nents of the lodestar require adjustment in this case.

## A. Reasonable Hourly Rates

In calculating the lodestar, plaintiff asks that the following hourly rates apply: Clayton ($250); Braithwaite ($200); Anderson ($185); Taylor ($120); and Cobb ($50). Defendants object to these hourly rates on the ground that they are higher than those prevailing in the community.

I find that the rates requested are somewhat out of line with rates for similarly experienced attorneys within the district for the years in question (1989 through 1996). Further, because this litigation spanned a number of years, I find it appropriate "to calculate and apply an average historic market rate for the period in question." *Saulpaugh v. Monroe Community Hosp.,* 4 F.3d 134, 146 (2d Cir.1993), *cert. denied,* 510 U.S. 1164, 114 S.Ct. 1189, 127 L.Ed.2d 539 (1994).

█ I began the analysis with the $250 per hour rate requested by Clayton, an individual with twenty-six years of specialized experience in the area of complex civil litigation and labor and employment law.

At the earlier stage of this litigation (1989–1992), I find that the prevailing market rate in this community for an individual with Clayton's experience would have been in the range of $150–$200 per hour. For example, in 1991, I issued a decision in *Holmes v. Sobel,* 88–CV–541L (W.D.N.Y. August 21, 1991), awarding an attorney, with more than 15 years' experience, fees at a rate of $150 per hour for work performed from 1988–1990. In that case, plaintiff submitted affidavits from two local attorneys, representing that attorneys with 15 years' experience earn from $150 to $200 per hour for specialized litigation in federal court. Two less experienced attorneys were awarded $125 per hour and $100 per hour. I found that these rates were "well within the range of rates charged by comparable attorneys for similar lawsuits in this community" and, therefore, were reasonable. Similarly, in *United States v. City of Buffalo,* 770 F.Supp. 108 (W.D.N.Y.1991), Judge Curtin awarded a "well qualified and experienced" attorney $175 per hour for work performed in the late 1980s and early 1990. Less experienced attorneys were compensated in the range of $50 to $150 per hour. According to Judge Curtin, these were the appropriate rates "that would be charged in this community for work of similar competence." *Id.* at 115. Finally, Judge Skretny, in *Myree v. Local 41, Int'l Bhd. of Elec. Workers,* 847 F.Supp. 1059 (W.D.N.Y. 1994), *aff'd,* 29 F.3d 620 (1994), awarded two "experienced litigators" $150 per hour for work performed in the late 1980s and early 1990s. Associate time during this period was compensated at $85 per hour. Judge Skretny found that these rates "reflect those charged by similarly situated attorneys in the Western District of New York." *Id.* at 1065.

Toward the later stage of this litigation (1993–1996), I find that the prevailing market rate in this community for an individual with Clayton's experience would have been in the range of $200–$250 per hour. Plaintiff has submitted the affidavits of two local attorneys, Bryan D. Hetherington and David Rothenberg. Hetherington asserts that based on Clayton's substantial expertise in employment and civil rights law, his billing rate in this District would be between $200 and $250 per hour. Similarly, Rothenberg states that the prevailing rates in the Western District of New York for attorneys of "Clayton's age, training, background and experience, for complex federal litigation, for 1994, 1995 and 1996 fall between $200.00 and $250.00 per hour."

█ Based on the foregoing, I calculate the average historic market rate for the years in question, 1989 through 1996, to be $200 per hour for Clayton. Because the other attorneys are less experienced than Clayton, their billing rates should be adjusted accordingly. Braithwaite, who also has

---

they were not timely filed. By letter dated June 21, 1996, defendants' then-attorney, Elizabeth J. McDonald, attempted to explain the untimely filing and asked this Court to reconsider its decision.

The request to reconsider is granted and the Court directs the Clerk to accept defendants' papers for filing.

substantial expertise in employment and civil rights law, should be compensated at an average historic rate of $160 per hour. Anderson should be compensated at an average historic rate of $150 per hour. Finally, Taylor, who is relatively inexperienced in this area of litigation, should be compensated at an average historic rate of $100 per hour.

■ Plaintiff also has requested that paralegal Iris Cobb be compensated at $50 per hour. Plaintiff has provided the Court with the 1994 affidavit of Lonny H. Dolin, Esq., submitted in *Muratore v. Rochester City Sch. Dist., et al.,* 89–0120L. Therein, Dolin indicated that from 1989 through 1993 paralegals at her then-firm were billed out at $40 to $75 per hour. I find that an average historic rate of $50 per hour for the years in question is reasonable given the prevailing market rates for paralegals in this community.

### B. Number of Hours Worked

#### 1. Clayton

■ Clayton seeks payment for approximately 536 hours. Clayton maintains that in the exercise of his billing judgment, he already reduced this request by 10%. I find that for several reasons, the hours submitted are still excessive and not justified on the record before me.

Clayton billed approximately 100 hours drafting the complaint, researching RICO, and preparing the RICO statement. This effort was undertaken despite similar work by other attorneys. For example, attorney Taylor also billed 205 hours for drafting the complaint. In addition, Judge Motley had warned plaintiff's counsel early in this case that "it appears doubtful that defendants have committed the necessary predicate acts for RICO to apply." *Berry v. New York State Dep't of Correctional Servs., et al.,* 808 F.Supp. 1106 (S.D.N.Y.1992). This case was a straightforward Title VII and § 1983 action which plaintiff's counsel should not have attempted to elevate to a civil RICO action.

For an attorney of Clayton's claimed experience and expertise to bill 100 hours for drafting the complaint and pursuing a RICO claim, in addition to the 205 hours expended by an associate, is clearly excessive.

Additionally, plaintiff's counsel spent approximately 70 hours in unsuccessfully opposing defendants' motion to transfer venue. Unsuccessful legal efforts are not compensable if they are found to have been frivolous. *Seigal v. Merrick,* 619 F.2d 160, 164 (2d Cir.1980). I find that Clayton's efforts with respect to the motion to transfer venue were frivolous and should not be compensated. As Judge Motley indicated in her December 18, 1992 opinion, there was simply no basis for plaintiff's commencement of this action in the Southern District of New York in the first place—except, quite possibly, the convenience of plaintiff's counsel who lived in Philadelphia. Both the plaintiff and the defendant correctional facility were located in the Western District of New York. Further, all the acts complained of occurred in the Western District of New York. The only connection this matter had with the Southern District was that years after the events complained of had transpired, one of the many individual defendants retired to the Southern District. This was not, however, a proper basis for venue. Given the nature of this action, that individual defendant's residence for the purposes of venue would have been in the Western District where his duties were performed. There was no basis for plaintiff to oppose defendants' motion to transfer this action to the Western District—the venue in which the action should have been commenced initially.

Clayton also has billed approximately 35 hours on plaintiff's motion for default judgment and the opposition to defendants' motion to vacate the default judgment. As discussed below, plaintiff's efforts in this regard were not frivolous and, therefore, are compensable. However, I find, as I did below with respect to Anderson, that the hours spent on these matters are unreasonable, excessive, and duplicative.

Further, plaintiff's counsel apparently has billed his travel time on certain dates at his full billing rate. *See e.g.,* Billing Entries for October 25, 1989; October 26, 1989; January 30, 1995; January 31, 1995; and February 1, 1995. Courts have found this practice to be unacceptable. *See, e.g., Davis v. City of New Rochelle,* 156 F.R.D. 549, 559 (S.D.N.Y.1994)

(rates for travel time reduced by 50%); *Loper v. New York City Police Dep't,* 853 F.Supp. 716, 720 (S.D.N.Y.1994) (same); *Jennette v. City of New York,* 800 F.Supp. 1165, 1170 (S.D.N.Y.1992) (same).

Finally, this was not a case where there was extensive litigation activity. Settlement discussions began almost immediately. There was no trial. There were no summary judgment motions. There were no depositions and, although discovery demands were served, discovery was essentially held in abeyance while the parties worked on settlement. In light of this, it is remarkable that plaintiff's counsel billed in excess of 150 hours for "trial preparation" in a case in which there had been virtually no discovery, no trial date had been set, and settlement negotiations had been proceeding for some time.

For all the foregoing reasons, I find that Clayton's hours should be reduced by 50%. Accordingly, Clayton will be compensated for 268 hours at $200 per hour for a total of $53,600.

### 2. Braithwaite

■ Braithwaite has requested fees for 7 hours of billable work. From the time records submitted, it is difficult to discern what substantive work Braithwaite did in this matter. Apparently, her responsibilities were confined to preparing the summons and ensuring that the complaint was properly filed in the Southern District of New York. While the billing of some time by local counsel is expected, I find that the 7 hours submitted is somewhat excessive. In her time records, Braithwaite includes multiple entries for "review file" and for "correspondence." Further, Braithwaite billed 2 hours for preparing and physically filing the summons at the courthouse. Such trips are usually made by secretaries or messengers and not by attorneys who are seeking to be compensated at $185 per hour. *Society for Good Will to Retarded Children, Inc. v. Cuomo,* 574 F.Supp. 994, 999 (E.D.N.Y.1983) ("It does not require a highly skilled lawyer to file papers."), *order vacated on different grounds,* 737 F.2d 1253 (2d Cir.1984).

Therefore, in the exercise of this Court's discretion, I find that Braithwaite should be compensated for 4 hours at $160 per hour for a total award of $640.

### 3. Anderson

■ Anderson requests payment for 28.2 hours. Essentially, Anderson worked on plaintiff's motion for default judgment and the opposition to defendants' motion to vacate the default judgment. Defendants argue that because plaintiff's motion was unsuccessful, these hours should not be compensated.

The law is clear that "[u]nsuccessful legal efforts are compensable as long as they are not frivolous." *Big R Food Warehouses v. Local 338 RWDSU,* 896 F.Supp. 292, 298 (E.D.N.Y.1995) (attorney entitled to reimbursement for reasonable time spent on unsuccessful default judgment motion absent any suggestion that the motion was frivolous); *see also Seigal v. Merrick,* 619 F.2d 160, 164–65 (2d Cir.1980). I find that plaintiff's efforts with respect to the motion for default judgment and the opposition to defendants' motion to vacate the default judgment were not frivolous and, therefore, are compensable.

Plaintiff filed the complaint in this action on June 9, 1992. Several lengthy extensions were given to defendants in which to file their answers. The answers were not received by the plaintiff or the Court by the *final* agreed-upon deadline, and default was entered. Although I ultimately vacated the entry of default because of the Second Circuit's strong preference for resolving disputes on their merits, I was troubled—as plaintiff's counsel was—by the defendants' late filing. Therefore, it was not unreasonable for the plaintiff to pursue a default judgment.

I do find, however, that there is some excessive billing on the part of Anderson and some duplication between her and Clayton's efforts. Together, the attorneys spent a total of approximately 65 hours on the motion for default and the opposition to defendants' motion to vacate the default. For a relatively straightforward legal task, I find this time to be unreasonable and excessive. The docu-

ments submitted to the Court (a notice of motion, approximately 15 pages of legal memoranda, and approximately 5 pages of affidavits) do not support an award of this magnitude. Therefore, Anderson's hours should be reduced by 50%.

Accordingly, Anderson will be compensated for 14.1 hours at $150 per hour for a total award of $2,115.00.

#### 4. Taylor

Taylor spent a total of 233.7 hours on this case. This time can be divided roughly into two categories: (1) approximately 205.1 hours drafting the complaint; and (2) approximately 28.6 hours on other matters. Plaintiff's attorney, in the exercise of billing judgment, reduced by 30% (or 70.11 hours) Taylor's billable hours to 163.59. Assuming this reduction was taken off the complaint preparation, Taylor now requests reimbursement for 134.99 hours spent drafting the complaint and 28.6 hours on other matters.

The complaint in this action, which was approximately 50 pages in length, involved 8 distinct causes of action. While such an undertaking would require considerable attention, I find that 134.99 hours is excessive. The complaint was not a model of clarity and it is not at all clear that such a lengthy complaint was necessary. Rule 8, of course, directs that the complaint be "a short and plain" statement of the claim. This exorbitant billing on the part of Taylor may have resulted from her inexperience in this area. Although Taylor graduated from law school in 1982, her resume—submitted to the Court for the purposes of this motion—does not indicate any prior litigation experience. Her background appears to have been in accounting. I find that it would be reasonable for a litigation associate to spend approximately 50 hours to draft a complaint with some partner supervision and paralegal support. Therefore, Taylor will be compensated for 50 hours of work on the complaint.

With respect to the remaining 28.6 hours billed by Taylor, I find that some of these hours are inappropriate or excessive. For example, according to a vague time entry on January 22, 1992, Taylor apparently billed 36 minutes to review a file to locate a telephone number. Further, there are multiple entries for "Review Mrs. Berry's case." I find that these remaining hours should be reduced by 10%. Therefore, Taylor should be compensated for 25.74 additional hours.

Accordingly, Taylor will be compensated for 75.74 hours at $100 per hour, for a total award of $7,574.00.

#### 5. Cobb

Plaintiff requests reimbursement for 64 hours of work performed by paralegal Iris Cobb. Cobb spent the majority of her time drafting, reviewing, and revising the complaint. She also spent some time drafting, reviewing, and revising the opposition to the motion for transfer of venue, the motion for default, and discovery requests. While it is expected that a paralegal will assist attorneys on these matters, I find that the work billed for by Cobb is excessive and by in large duplicative of the work performed by the attorneys in this case. Further, to the extent Cobb billed for work on the motion to transfer venue, I already have found that this work is not compensable. I, therefore, find it appropriate to reduce Cobb's request by 40%.

Accordingly, Cobb will be compensated for 38.4 hours of work at $50 per hour for a total of $1,920.

### C. Costs

Plaintiff also requests $3,442.90 in costs. No documentation has been provided to the Court to justify these expenses. Further, I find them to be somewhat excessive. For example, nearly $1,500 is being charged for photocopying. Further, approximately $1,100 is charged for unspecified "travel." Therefore, these costs should be reduced by 25%, for a total award of $2,582.18.

### CONCLUSION

For the foregoing reasons, plaintiff's motion for attorney's fees and costs, pursuant to 42 U.S.C. § 1988, is granted in part, and plaintiff is awarded $68,431.18. That sum shall be paid to the plaintiff by defendants

within thirty (30) days of the entry of this order.

IT IS SO ORDERED.